Juan Meléndez Rosado, etc., demandante y recurrido, v. Banco Crédito y Ahorro Ponceño, demandado y recurrente.

Número: R-69-309        Resuelto: 13 de octubre de 1970

*Miranda Cárdenas & Gallardo, Pedro E. Purcell Ruiz y Blas R. Ferrauioli,* abogados del recurrente; *Hugo Rubén Félix,* abogado de los recurridos.

PER CURIAM: El demandante tenía una cuenta corriente en el banco aquí demandado recurrente. El demandante está o estaba empleado a la fecha de los hechos con la firma Dun & Bradstreet International Collection Division, firma que presta servicios de información de crédito.

El 16 de febrero de 1968 el demandante depositó en su cuenta corriente con el recurrente la suma de $2,699.34. Dicho depósito se extravió en el banco y no se le acreditó el mismo a la cuenta del demandante. Como consecuencia de eso el banco devolvió ocho cheques "por falta de fondos" que el demandante expidió luego de hacer el referido depósito. Esto le causó al demandante inevitables y comprensibles sufrimientos mentales o morales. Uno de los incidentes penosos a que dio lugar la negligencia del banco fue que un cobrador se personó en un establecimiento de la Sears Corporation donde trabajaba, en el departamento de auditoría, la esposa del demandante y allí, en forma ruda y al alcance del oído de otras personas y compañeros de trabajo de la Sra. Me-

léndez, le requirió el pago de un cheque "sin fondos," uno de los cheques indebidamente devueltos por el banco.

El tribunal de instancia condenó al recurrente a pagar al demandante $2,000.00 por los daños sufridos. El recurrente señala los siguientes dos errores:

(a) "Erró el Tribunal al no tomar en consideración la falta de esfuerzos por parte del demandante en disminuir los daños alegados."

(b) "Erró el Tribunal al conceder al demandante la cantidad de $2,000.00 en compensación por los daños sufridos."

No tienen mérito los errores señalados. En cuanto al primero, de la propia opinión del tribunal sentenciador se desprende que no es correcto. Dice en parte dicha opinión:

"A los fines de la evaluación de los daños hemos tomado en consideración no solamente las humillaciones y contratiempos y angustias mentales sufridas por los demandantes, sino también la prueba de mitigación de los mismos, presentada por la parte demandada."

En cuanto al segundo señalamiento, a la luz de los hechos, entendemos que la apreciación que hizo el magistrado de instancia del valor de los contratiempos y angustias sufridos por el demandante es tan correcto como el que pudo haber hecho razonablemente otro juez en su lugar. No vemos razón para intervenir con esa apreciación. El recurrente argumenta que el demandante se negó en una ocasión, luego de haber sido devuelto los cheques, a dar al banco los nombres y direcciones de los tomadores de dichos cheques y le dijo al banco que el asunto estaba en manos de su abogado. Reconocemos que el demandante debió de haber suministrado esos nombres al banco, pero esa falta del demandante no exonera al recurrente de su culpa innegable. Lo más que podía hacer es mitigarla y como hemos visto así lo consideró el juez sentenciador.

Por las razones antes dichas, *se confirmará la sentencia dictada en este caso en 28 de agosto de 1969 por el Tribunal Superior, Sala de San Juan.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra no intervinieron.